No. 96-152

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

360 RANCH CORP., a Nevada Corporation,

Plaintiff and Respondent,

v.

R & D HOLDING, a General Partnership,

Defendant and Appellant.

FILED

OCT 3 1 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighteenth Judicial District,
               In and for the County of Gallatin,
               The Honorable Larry W. Moran, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

               Thomas R. Anacker, Anacker Law Office,
               Bozeman, Montana

        For Respondent:

               Karl Knuchel, Attorney at Law,
               Livingston, Montana

                              Submitted on Briefs:  August 8, 1996

                                        Decided:  October 31, 1996

Filed:

                    _____
                              Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The respondent, 360 Ranch Corp. ("360 Ranch"), filed an action for declaratory relief in the District Court of the Eighteenth Judicial District in Gallatin County. The District Court granted summary judgment in favor of 360 Ranch. The appellant, R & D Holding, appeals the order of the District Court. We reverse the District Court, and remand for resolution of the factual issues.

The issue on appeal is whether the District Court erred when it granted summary judgment in favor of 360 Ranch Corp.

## FACTUAL BACKGROUND

In January 1994, 360 Ranch, as seller, entered into a land sale contract with Patrick Lancione by which it agreed to sell a five-acre parcel for the amount of $260,000. Lancione subsequently contracted with David Williams[1] to sell the parcel for $381,150. The simultaneous closings on the land sale contracts were held on April 28, 1994. Williams paid the sum of $381,150, and 360 Ranch received the sum of $260,000. At the time of closing, however, 360 Ranch was unable to convey title to the five-acre parcel. The five acres, as part of a larger twenty-acre tract, could not be conveyed until a survey of the land was conducted, and all of the applicable subdivision review requirements were satisfied. As a result, 360 Ranch conveyed to Williams a recordable deed for the entire twenty-acre parcel of land.

---

[1] In June 1994, Williams conveyed the property to R & D Holding. As a result, R & D Holding became the successor in interest to Williams, and is the appellant herein.

2

Then, on April 29, 1994, Williams and 360 Ranch entered into a written option agreement. The agreement gave 360 Ranch the option to reacquire fifteen of the twenty acres conveyed to Williams at the closing. In order to exercise its option, however, 360 Ranch was required to prepare and file a minor subdivision plat no later than one year following the date of the option agreement. The agreement also stated that, if the contingencies in the option agreement were not met within the one-year period, then "Williams [would] retain the consideration paid today as liquidated damages, and this option [would] become null and void."

360 Ranch's attempts to comply with the contingencies in the option agreement were unsuccessful. In January 1995, they applied for minor subdivision review, but their application was denied on the ground that a conflict between the Bozeman Area Master Plan and the Bozeman Area Zoning Map was discovered. The conflict was eventually resolved, but not until after the one-year period specified by the option agreement had expired.

Ultimately, therefore, a minor subdivision plat was not filed within one year of the option date. No additional consideration was paid to extend the option, and it expired on April 29, 1995.

360 Ranch filed an action for declaratory relief in which it requested the District Court to extend the one-year period specified in the parties' option agreement. 360 Ranch moved for summary judgment, and a hearing was held before the District Court. At the conclusion of the hearing, the District Court made the

following findings: (1) the clear intent of the parties was to contract for a five acre, and not a twenty acre, parcel of land; and (2) because of the conflict between the Bozeman Area Master Plan and the Bozeman Area Zoning Ordinance, it was "impossible" for 360 Ranch to comply with the requirements of the option agreement.

Based on its findings, the District Court granted summary judgment in favor of 360 Ranch. The District Court determined that "equity and good conscience . . . requires that [360 Ranch] be given reasonable additional time" to fulfill the obligations imposed upon it by the option agreement, and ordered R & D Holding, as the "record owner of the 20-acre parcel," to sign the application for the minor subdivision plat.

DISCUSSION

Did the District Court err when it granted summary judgment in favor of 360 Ranch Corp.?

Summary judgment is governed by Rule 56(c), M.R.Civ.P., which provides, in relevant part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . . .

The purpose of summary judgment is to encourage judicial economy through the elimination of any unnecessary trial. However, summary judgment is never to be a substitute for trial if there is an issue of material fact. *Reaves v. Reinbold* (1980), 189 Mont. 284, 288, 615 P.2d 896, 898.

4

It is well established that the moving party is required to show a complete absence of any genuine factual issues. *D'Agostino v. Swanson* (1990), 240 Mont. 435, 442, 784 P.2d 919, 924. To defeat the motion, the nonmoving party must set forth facts which demonstrate that a genuine factual issue exists. *O'Bagy v. First Interstate Bank of Missoula* (1990), 241 Mont. 44, 46, 785 P.2d 190, 191. All reasonable inferences that may be drawn from the offered proof must be resolved in favor of the nonmoving party. *D'Agostino*, 240 Mont. at 442, 784 P.2d at 924. Additionally, if there is any doubt regarding the propriety of the summary judgment motion, it should be denied. *Whitehawk v. Clark* (1989), 238 Mont. 14, 18, 776 P.2d 484, 486-87.

When the District Court granted 360 Ranch's motion for summary judgment, it concluded that "there are no genuine issues of material fact in dispute . . . and that [360 Ranch] is entitled to judgment as a matter of law."

R & D Holding, however, asserts on appeal that there *are* genuine issues of material fact, and that, therefore, the District Court erred when it granted 360 Ranch's motion for summary judgment. Specifically, R & D Holding claims that genuine factual disputes exist with regard to the following issues: (1) the intent of the parties with regard to the conveyance of the twenty acres and the execution of the option agreement; and (2) whether 360 Ranch's failure to perform, as required by the terms of the

5

option agreement, can be excused on the grounds of impossibility of performance.

## INTENT OF THE PARTIES

The District Court determined that, "[c]learly, it never was within the contemplation of anyone involved in these transactions that [R & D Holding] would get a 20-acre parcel of real property . . . ." The District Court found, instead, that the parties intended only to buy and sell a five-acre parcel.

R & D Holding, however, contends that there is a genuine issue of material fact with regard to the parties' intent. To support their claim, they first point to the affidavit of David Williams, in which he asserts, "it was [my] intent to purchase 20 acres for the sum of $381,150.00, subject to the 360 Ranch Corporation option, and to retain the entirety of said 20 acres if the option was not exercised in accordance with its term[s]." 360 Ranch claims that this affidavit is self-serving and was made only after the institution of litigation. We recognize, however, that when a court determines whether summary judgment is appropriate, "the papers supporting [the] movant's position are closely scrutinized, while the opposing papers are indulgently treated." *Payne Realty v. First Sec. Bank* (1992), 256 Mont. 19, 25, 844 P.2d 90, 94.

Even more significant, however, is the contract itself. The language of the option agreement states, "[i]f the option is not exercised on or before the above-specified date [one year from the date of the option agreement], DAVID WILLIAMS is to retain the

6

consideration paid today as liquidated damages and this option shall become null and void." The option agreement clearly contemplates the possibility that Williams (and R & D Holding as his successor in interest) could acquire the entire twenty acre parcel.

In *Engebretson v. Putnam* (1977), 174 Mont. 409, 413, 571 P.2d 368, 370, we held that "summary judgment is usually inappropriate where the intent of the contracting parties is an important consideration." Furthermore, all reasonable inferences must be drawn in favor of R & D Holding, the nonmoving party.

Therefore, we conclude that there is a genuine issue of material fact with regard to the intent of the parties.

IMPOSSIBILITY OF PERFORMANCE

The District Court found that 360 Ranch's "efforts to divide the 20-acre parcel through the minor subdivision process were made impossible due to the conflict between the Bozeman Area Master Plan and the Bozeman Area Zoning Ordinance." On that basis, the District Court excused 360 Ranch's failure to perform, and gave them "reasonable additional time" to comply with the terms of the option agreement.

R & D Holding, however, contends that there is a genuine issue of material fact with regard to whether 360 Ranch's failure to perform should be excused on the ground of impossibility of performance. In support of its contention, R & D Holding makes the following assertions: 360 Ranch did not file its first application

7

for minor subdivision review until January 1995--more than eight months after the term of the option commenced; the application contained errors which caused the Bozeman City Planning Office to reject the application; and as of March 1995, one month before the option expired, 360 Ranch did not have a valid application on file with the proper authority.

R & D Holding concedes that the conflict in the Bozeman area planning documents caused a delay, and that 360 Ranch was not responsible for either the conflict or the delay. Nonetheless, R & D Holding claims, on appeal, that the delay "would not have prevented [360 Ranch] from obtaining minor subdivision review during the term of the one (1) year option period had it simply made a timely filing of its minor subdivision application." In essence, R & D Holding contends that the doctrine of laches, rather than impossibility of performance, should apply to the facts of this case.

The starting point for our analysis is the principle that "[i]mpossibility of performance is a strict standard that can only be maintained where the circumstances truly dictate impossibility." *Barrett v. Ballard* (1980), 191 Mont. 39, 44, 622 P.2d 180, 184.

There will, undoubtedly, be contract cases in which a district court could grant summary judgment based on impossibility of performance. For example, where an Act of God physically destroys the subject matter of a contract, or where the subject matter of a contract is subsequently declared illegal, then it could be held

8

that, as a matter of law, performance of the contract was impossible. In many other cases, however, whether performance of a contract was impossible will be a question of fact, and summary judgment will not be appropriate.

We conclude that this case falls into the latter category. Based on the facts alleged in this case, there are two possible interpretations. The first is that, as the District Court determined, due to the conflict in the Bozeman area planning documents and ensuing delay, it was impossible for 360 Ranch to file a minor subdivision plat within the one-year time period specified by the option agreement. The other is that, as R & D Holding contends, had 360 Ranch acted with proper diligence, their application for a minor subdivision plat could have been filed within the one-year time period, despite the conflict in the planning documents and ensuing delay.

We conclude that, based on the facts alleged in this case, the question of impossibility of performance presents a genuine issue of material fact.

Accordingly, we hold that the District Court erred when it granted summary judgment in favor of 360 Ranch.

Finally, we note that when the District Court issued its order, it determined that "equity and good conscience . . . requires that [360 Ranch] be given reasonable additional time" to comply with the terms of the option agreement. We conclude that

the District Court exceeded its authority when it modified the express terms of the parties' contract.

It is well established that a district court may only assert its equitable jurisdiction when no statutory or legal remedy is available. *Jeffries Coal Co. v. Industrial Accident Board* (1953), 126 Mont. 411, 252 P.2d 1046. In this case, the District Court modified the express terms of the parties' contract, and also failed to apply § 28-2-603, MCA, which states:

> Where a contract has but a single object and such object is unlawful, whether in whole or in part, or wholly impossible of performance, or so vaguely expressed as to be wholly unascertainable, the entire contract is void.

Thus, if after resolution of the pertinent factual issues it is determined that performance was, in fact, impossible, the District Court would be bound by the mandate of § 28-2-603, MCA.

The judgment of the District Court is reversed, and the case is remanded for resolution of the factual issues.

_____
Justice

We concur:

_____

_____

_____
Justices

10

October 31, 1996

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Thomas R. Anacker
ANNACKER LAW OFFICE
P.O. Box 1247
Bozeman, MT  59771-1247

Karl Knuchel
Attorney at Law
P.O. Box 953
Livingston, MT  59047-0953



ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _D. Gallagher_
Deputy