
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
| --- | --- |
| MICHAEL PETERSON, individually and as the personal representative for the estate of Joshua Peterson, <br><br>        Plaintiff - Appellant, <br>  v. <br><br> TIME INSURANCE COMPANY, ASSURANT HEALTH, JOHN ALDEN LIFE INSURANCE COMPANY, AETNA LIFE INSURANCE COMPANY, JOHN DOES, 1,2,3, <br><br>        Defendants - Appellees. | No. 12-35505 <br><br> D.C. No. 9:11-CV-00081-DWM-JCL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted March 5, 2014[**]
Portland, Oregon

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: TROTT and W. FLETCHER, Circuit Judges, and BLOCK, Senior District Judge.***

1. The district court correctly held that Peterson's claims against Aetna Life Insurance Company were preempted by ERISA. *See Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 843 n.4 (9th Cir. 1994).

2. With respect to Time Insurance Company, Assurant Health and John Alden Life Insurance Company (collectively, "Assurant"), the district court correctly held that Peterson's claims for negligent and intentional infliction of emotional distress were barred by Mont. Code Ann. § 33-18-242(3). *See Brewington v. Employers Fire Ins. Co.*, 992 P.2d 237, 239-41 (Mont. 1999).

3. The district court correctly held that Peterson failed to plead his claims for constructive fraud/breach of fiduciary duty with the particularity required by Fed. R. Civ. P. 9(b). Peterson failed to allege any specific false statements made by Assurant. *See Town of Geraldine v. Montana Mun. Ins. Auth.*, 198 P.3d 796, 801 (Mont. 2008) (requiring plaintiff to plead, *inter alia*, false representations); *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("The plaintiff must set forth what is false or misleading about a statement, and

***  The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

2

why it is false." (citation and internal quotation marks omitted)). We deny Peterson's request for leave to amend because he has failed to explain what specific false statements he would allege by way of amendment.

4. The district court correctly held that Montana's Unfair Trade Practices Act ("UTPA") does not create a private right of action for violations of subsections (2), (3), (7) or (14) of Mont. Code Ann. § 33-18-201. *See* Mont. Code Ann. § 33-18-242(1).

5. The district court correctly held that Assurant satisfied its initial burden of showing that it complied with the insurance contract and the actionable subsections of UTPA, and that Peterson failed to offer evidence of noncompliance. *See Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

6. Because the district court's substantive holdings were all correct, we do not address Peterson's argument that the magistrate judge should have been recused. We by no means imply that the magistrate judge showed any actual or apparent bias against Peterson or in favor of insurance companies.

AFFIRMED.

3