**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| WILLIAM J. PAATALO, | No.    14-35931 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-00128-SEH-CSO |
| v. | |
| JPMORGAN CHASE BANK, N.A., as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank and U.S. BANK NA, as Trustee, as successor in interest to Bank of America, National Association, as Trustee, as successor by merger to Lasalle Bank, National Association, as Trustee for  WAMU Mortgage pass through certificate series 2007-OA3 Trust, | MEMORANDUM[*] |
| Defendants-Appellees. | |

| | |
|---|---|
| WILLIAM J. PAATALO, | No.    15-35445 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-00128-SEH |
| v. | |

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

THE MACKOFF/KELLOGG LAW
FIRM; et al.,

          Defendants-Appellees,

 and

JPMORGAN CHASE BANK, N.A., as
acquirer of certain assets and liabilities of
Washington Mutual Bank from the Federal
Deposit Insurance Corporation, as
Receiver for Washington Mutual Bank and
U.S. BANK NA, as Trustee, as successor
in interest to Bank of America, National
Association, as Trustee, as successor by
merger to Lasalle Bank, National
Association, as Trustee for  WAMU
Mortgage pass through certificate series
2007-OA3 Trust,

          Defendants.

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted March 7, 2017
Portland, Oregon

Before:  O'SCANNLAIN, FISHER, and FRIEDLAND, Circuit Judges.

William Paatalo appeals from the district court's grant of summary judgment

dismissing his Montana state law claims against the Mackoff Kellogg Law Firm,

Charles Peterson, and Jason Henderson (collectively "Mackoff"). He also appeals

from the district court's grant of a Fed. R. Civ. P. 12(b)(6) motion dismissing his claims against J.P. Morgan Chase Bank ("Chase") and U.S. Bank, Trustee of the WaMu Mortgage Pass-Through Certificates Series 2007-OA3 Trust (the Trust itself is referred to as the "2007-OA3 Trust" and the Trustee is referred to as "U.S. Bank, Trustee"). Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

The district court did not err in dismissing Paatalo's claims of actual fraud, constructive fraud, and negligent misrepresentations against Mackoff. Paatalo's claims arise from alleged misrepresentations made by Mackoff regarding its capacity as trustee of the 2007-OA3 Trust during previous litigation between the parties.[1] *Paatalo v. J.P. Morgan Chase Bank*, No. CV 10-119-BLG-CSO, 2012 WL 2505742 (D. Mont. June 28, 2012) (hereinafter *Paatalo I*). Paatalo's claims fail because there is no evidence that Paatalo had a right to rely on any representation made or that Paatalo was ignorant of the falsity of any representation. *See* Mont. Code Ann. § 28-2-406 (defining constructive fraud); *Harpole v. Powell Cnty. Title Co.*, 309 P.3d 34, 38 (Mont. 2013) (defining

---

[1] That litigation concerned Chase's attempt to foreclose on Paatalo's property. Mackoff was the trustee of the Deed of Trust of such property.

3

negligent misrepresentation); *Town of Geraldine v. Mont. Mun. Ins. Auth.*, 198 P.3d 796, 801 (Mont. 2008) (defining actual fraud).

## II

## A

The district court properly dismissed Paatalo's claims of (1) breach of contract, (2) breach of implied covenant, (3) libel, and (4) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, because they were barred by issue preclusion. All of the key factual issues underlying the current claims were resolved against Paatalo in *Paatalo I.* Issue preclusion applies if "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012).

In *Paatalo I* the court concluded that the Mackoff settlement did not bind Chase or the 2007-OA3 Trust. 2012 WL 2505742, at *11–12. This knocks out the breach of contract and breach of implied covenant claims, since they are based on the factual premise that the settlement *did* bind Chase and the 2007-OA3 Trust. The *Paatalo I* court also concluded that the Note and Deed of Trust were enforceable and Chase had the right to initiate a non-judicial foreclosure on

4

Paatalo's property. *Id.* at *7. Paatalo's libel and FDCPA claims rely on the factual premise that the Note and Deed of Trust are invalid and unenforceable. Thus, issue preclusion bars these claims for reasons similar to the contract claims. To the extent the libel and FDCPA claims are based on the binding nature of the Mackoff settlement, these claims fail for the same reason the contract claims fail.

B

Finally, we are left with Paatalo's claims of actual fraud, constructive fraud, and negligent misrepresentations against U.S. Bank, Trustee. These claims are based on the same factual premises as the claims against Mackoff discussed above. The district court erred in concluding that claim preclusion barred these claims, because Paatalo could not have brought them at the time he filed his complaint in *Paatalo I. See Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 n.12 (9th Cir. 1998) (per curiam) (concluding that claim preclusion does not block a claim that "arose" while a prior suit "was already pending").[2] Nevertheless, all these claims still fail for the same merits-based reasons that the claims against Mackoff fail. The district court's error is harmless.

III

---

[2] As discussed above, these claims arise from supposed misrepresentations made to Paatalo by the defendants during the *Paatalo I* litigation.

The judgment of the district court is **AFFIRMED.**