DA 06-0069

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 208

MARK BLAIR,

        Plaintiff and Appellant,

  v.

MID-CONTINENT CASUALTY COMPANY,

        Defendant, Respondent and
        Cross-Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and For the County of Missoula, Cause No. DV 05-295
                    Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                William R. Bieler, Burk, Lee & Bieler, Choteau, Montana

        For Respondent:

                Dennis P. Clarke, Smith, Walsh, Clarke & Gregoire, Great Falls, Montana

Submitted on Briefs:  December 28, 2006

Decided:  August 21, 2007

Filed:

_____
                           Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Mark Blair (Blair) appeals an order of the Fourth Judicial District Court, Missoula County, granting summary judgment to Mid-Continent Casualty Company (Mid-Continent) on Blair's claim for declaratory relief. Mid-Continent cross-appeals a portion of the order. We affirm.

¶2 Blair raises three issues on appeal which we restate as a single issue: Did the District Court err in concluding that the allegations in Meadows West's amended complaint were not an "occurrence" as defined in Mid-Continent's policy?

¶3 On cross-appeal, Mid-Continent raises the issue of whether the amended complaint alleged "property damage" as defined in its policy. However, because we affirm the District Court's grant of summary judgment dismissing Blair's complaint, we need not discuss the cross-appeal.

¶4 Blair owns approximately eight acres in the Meadows West Landowners Association subdivision (Meadows West), near Missoula. The land is zoned residential. In 2003 he began excavating gravel on his property. Although Blair sold some of this gravel, he filed an affidavit claiming that any gravel extraction was incidental to development of the property for residential purposes.

¶5 In August 2003, Meadows West sued Blair seeking an injunction and restoration of the property. In the alternative, Meadows West sought damages for failure to submit any construction plans to the Meadows West architectural control committee and for Blair's use of his property as a commercial gravel pit in violation of the subdivision's restrictive covenants. The complaint alleged that Blair had constructed high earthen berms around the

2

gravel pit which were unpleasant and disruptive to the views of other lot owners and that the gravel pit substantially decreased the value of the other homes in the subdivision.

¶6     The District Court initially restrained Blair from operating a gravel pit, but allowed him to continue developing his property if he submitted a development plan to the Meadows West architectural control committee. However, in a later order, the District Court restrained Blair from all further excavation and site work until after the trial of this case.

¶7     Meadows West then filed an amended complaint against Blair, again alleging injury to the owners of lots in the subdivision, a decrease in the value of other homes in the subdivision, and demanding damages. Blair tendered the defense and demanded coverage under his insurance policy (the Policy) with Mid-Continent.

¶8     Blair's Policy with Mid-Continent provides, in pertinent part:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

¶9     The Policy goes on to say that it only applies to bodily injuries or property damage if, "The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory.'" "Occurrence" is defined in the Policy as:

> [A]n accident, including continuous or repeated exposure to substantially the same general harmful conditions.

¶10    After reviewing the amended complaint, Mid-Continent informed Blair that it had determined its Policy did not provide coverage and it would not defend him against Meadows West's lawsuit because the pleadings did not allege damages stemming from bodily injury or property damage due to an occurrence, as defined by the Policy.

3

¶11    Blair hired an attorney to defend him against Meadows West's lawsuit. He ultimately entered into a settlement agreement with Meadows West and its complaint against him was dismissed. He then brought the present declaratory judgment action against Mid-Continent seeking a judgment that he was entitled to recover the amount he paid in settlement of the Meadows West suit, his attorney fees incurred in the defense of that suit, and his attorney fees and costs incurred in this present action. Mid-Continent counterclaimed for a declaratory judgment that the Policy provided no coverage and it had no duty to defend Blair against Meadows West. Both parties moved for summary judgment.

¶12    The District Court granted Mid-Continent's motion, concluding that Blair's admitted intentional gravel operation did not constitute an occurrence as defined in the Policy, thus there was no coverage and Mid-Continent had no duty to defend Blair against the suit by Meadows West.

¶13    It is from this order that Blair has appealed.

¶14    The standard of review in appeals from summary judgment rulings is *de novo*. *Williams v. Union Fid. Life Ins. Co.*, 2005 MT 273, ¶ 18, 329 Mont. 158, ¶ 18, 123 P.3d 213, ¶ 18. We apply the same criteria applied by the district court pursuant to M. R. Civ. P. 56(c). *Williams*, ¶ 18. The moving party must establish both the absence of genuine issues of material fact and entitlement to judgment as a matter of law. *Hanson v. Water Ski Mania Estates*, 2005 MT 47, ¶ 11, 326 Mont. 154, ¶ 11, 108 P.3d 481, ¶ 11.

¶15    Montana law is well-settled that an insurer's duty to defend its insured arises when a complaint alleges facts which represent a risk covered by the terms of an insurance policy. *Farmers Union Mut. Ins. Co. v. Staples*, 2004 MT 108, ¶ 20, 321 Mont. 99, ¶ 20, 90 P.3d

4

381, ¶ 20 (citing *Lindsay Drill. & Cont. v. U.S. Fid. & Guar. Co.*, 208 Mont. 91, 94, 676 P.2d 203, 205 (1984)). The insurance company must look to the allegations of a complaint to determine if coverage exists under an insurance policy, thus giving rise to the insurer's duty to defend. *Staples*, ¶ 20 (citing *Graber v. State Farm*, 244 Mont. 265, 270, 797 P.2d 214, 217 (1990)). The duty to defend is independent from and broader than the duty to indemnify and it arises when a complaint against an insured alleges facts, which if proven, would result in coverage. *Staples*, ¶ 21 (citations omitted). Unless there exists an unequivocal demonstration that the claim against an insured does not fall within the insurance policy's coverage, an insurer has a duty to defend. *Staples*, ¶ 22 (citing *Insured Titles, Inc. v. McDonald*, 275 Mont. 111, 116, 911 P.2d 209, 212 (1996).

¶16 The gist of this dispute is Blair's claim that Meadows West's amended complaint alleged facts that, if proven true, would be within the coverage provided by Mid-Continent's Policy and, thus, Mid-Continent had a duty to defend him.

¶17 According to Blair, the District Court erred in its analysis of what constitutes an occurrence under the Policy. Blair does not deny that he intentionally removed gravel from his property. However, he claims that long-established Montana law provides that an intentional act is an occurrence under an insurance policy if the resulting injuries or damages were not the intended or expected result of the insured's intentional conduct. Here, Blair claims that he did not intend to cause harm to neighboring property owners. Thus, according to Blair, the District Court erred when it determined his deliberate conduct could not constitute an occurrence as defined in the Policy.

5

¶18 As noted above in ¶ 9, the Policy in question limited what constitutes an occurrence to an "accident, including continuous or repeated exposure to substantially the same general harmful conditions." Under this definition, the proper focus is on whether Blair's deliberate operation of removing gravel is covered – not whether he intended the resulting damages allegedly stemming from the operation.

¶19 Given this definition and its focus on Blair's conduct, rather than the results of that conduct, Blair's intentional actions in digging and removing gravel from his property, which gave rise to Meadows West's complaints, was not accidental. The interpretation of an insurance contract's terms must be according to their "usual, common-sense meaning as viewed from the perspective of a reasonable consumer of average intelligence not trained in law or insurance business." *Lee v. USAA Cas. Ins. Co.*, 2001 MT 59, ¶ 30, 304 Mont. 356, ¶ 30, 22 P.3d 631, ¶ 30. From the standpoint of the insured, the term "accident" reasonably refers to any unexpected happening that occurs without intention or design on the part of the insured. *Safeco Ins. Co. of Am. v. Liss*, 2000 MT 380, ¶ 36, 303 Mont. 519, ¶ 36, 16 P.3d 399, ¶ 36 (citing Black's Law Dictionary at 15 (6th ed. 1990)). Blair deliberately moved gravel on his property, which caused the alleged damages. Unequivocally, this was no accident.

¶20 The cases cited by Blair in support of his argument are distinguishable. In those cases, the definition of what was covered by the policy at issue focused, in part, on the consequences of an act. For example, in *N.W. Natl. Cas. Co. v. Phalen*, 182 Mont. 448, 450, 597 P.2d 720, 721 (1979), the policy in question defined "occurrence" as an accident which results in bodily injury or property damage. However, unlike Mid-Continent's Policy in

6

question here, that policy considered the results of a deliberate action because in limiting the coverage it said that only injury which "[i]s either expected or intended from the standpoint of the insured" was excluded. *Phalen*, 182 Mont. at 450, 597 P.2d at 721. Likewise, the results of a deliberate action were necessarily considered by the Court in *Lindsay Drilling*, 208 Mont. at 95, 676 P.2d at 205, because the policy at issue defined "occurrence" as an accident which resulted in bodily injury or property damage "neither expected nor intended from the standpoint of the Insured." Blair's Policy with Mid-Continent does not state that the results of an intentional act, apart from the act itself, are to be considered in what is a covered occurrence. The policy unequivocally limits coverage to accidental happenings and, thus, its coverage is narrower than the policies interpreted in the cases Blair relies upon.

¶21 The order of the Fourth Judicial District Court, Missoula County, granting summary judgment to Mid-Continent is affirmed.

/S/ JOHN WARNER

We Concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE

7