DA 06-0449

FILED

October 2 2007

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 249

FARMERS UNION MUTUAL INSURANCE COMPANY,

       Plaintiff and Counterclaim Defendant and Appellee,

vs.

NATHAN RUMPH, Individually, and under any and all assumed
business names, including THE CROSS RANCH MERCANTILE
AND BIDDLE STORE; ALEX RUMPH, CHRISTIAN NIELSEN;
AND MIKE NIELSEN, Individually; and TAMMY NIELSEN, Individually,

       Defendants and Counterclaim Plaintiffs and Appellants.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Powder River, Cause No. DV-38-2004-2358
Honorable Gary L. Day, Presiding Judge

COUNSEL OF RECORD:

       For Appellants:

              Terry J. Hanson, Attorney at Law, Miles City, Montana, and
John A. Houtz, Attorney at Law, Forsyth, Montana (Nielsens)

              Brad H. Anderson, Moulton Law Firm, Billings, Montana (Rumphs)

       For Appellee:

              Joseph M. Sullivan, Deschenes & Sullivan, Great Falls, Montana, and
Douglas J. Wold, Attorney at Law, Polson, Montana (FUMIC)

                           Submitted on Briefs:  July 25, 2007

                                  Decided:  October 2, 2007

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Nathan Rumph, individually and as owner of the Cross Ranch Mercantile and Biddle Store, Alex Rumph, Christian Nielsen, Mike Nielsen, and Tammy Nielsen (collectively, Appellants) appeal an order of the Sixteenth Judicial District Court, Powder River County, granting summary judgment to Farmers Union Mutual Insurance Company (FUMIC) on its claim for declaratory relief. We affirm.

¶2 Appellants raise the following issues on appeal:

¶3 1. Whether the District Court correctly determined that Nathan Rumph's garage liability policy did not cover the vehicle accident that injured Christian Nielsen?

¶4 2. Whether the District Court erred by failing to find that FUMIC was estopped from denying coverage due to FUMIC's delay in providing a defense of the Rumphs?

¶5 3. Whether questions of fact existed to preclude the District Court from entering summary judgment?

**FACTUAL AND PROCEDURAL BACKGROUND**

¶6 Early in the morning on December 21, 2002, Alex Rumph was involved in a vehicle rollover accident resulting in severe injuries to Christian Nielsen. The uncontested facts indicate that the previous day, Alex had gone to a basketball game, then to a friend's house, and later to a bowling alley to socialize. Around 11:00 p.m. that night, Alex traveled to a Christmas party at the Bales Ranch. The accident occurred at approximately 4:00 a.m. the following morning as Alex drove himself and three passengers, including Christian, home from the party in a pickup truck owned by Alex's

2

father, Nathan Rumph. The pickup was titled in Nathan's name, but was used primarily by Alex.

¶7    The Nielsens filed an action against Alex, Nathan, and Nathan's businesses for injuries sustained by Christian. The Nielsens' amended complaint alleged claims for negligent entrustment against Nathan, negligence per se against the Biddle Store, Nathan, Alex, and Bales Ranch, and general negligence against Bales Ranch. The amended complaint also alleged negligent infliction of emotional distress suffered by Christian's parents, Mike and Tammy Nielsen, against all co-defendants.

¶8    Nielsens' amended complaint alleged that Alex had rendered the seatbelts in the rear seat of his pickup inoperable by installing two large speakers. Because the rear seatbelts were inoperable, the Nielsens alleged, the four occupants all had to ride unbelted in the front seat of the pickup on the night of the accident. The amended complaint also alleged that Alex was too intoxicated to safely drive his pickup when he left the Christmas party at Bales Ranch. The Nielsens and Rumphs eventually settled, the terms of which included a confession of judgment by the Rumphs, an assignment to the Nielsens of the Rumphs' rights against their insurers, and a covenant by the Nielsens not to execute on the judgment.

¶9    Nathan Rumph maintained automobile liability insurance on the pickup truck through National Farmers Union Property and Casualty (NFU). Because Nathan also owned the Cross Ranch Mercantile, Biddle Store, a separate automobile repair business, and his own ranch, Nathan also maintained four FUMIC policies, providing coverage for the general store operation, property damage insurance for the ranch, liability coverage

for the ranch, and garage coverage for the automobile repair business. The Rumphs presented the Nielsens' complaint to both NFU and FUMIC, and NFU undertook defense of Nielsens' suit. FUMIC denied coverage and initially refused to provide a defense to the Rumphs.

¶10 The Rumphs' attorney, Brad Anderson, thereafter discovered certain additional facts he believed brought the accident under Nathan's Commercial Lines Garage Policy. Through the course of multiple letters to FUMIC's counsel, Mr. Anderson alleged that the seatbelts in Alex's pickup had been disabled in Nathan's garage with Nathan's tools and materials. In those letters Mr. Anderson also characterized Alex, who installed the speakers in his own truck, as an employee of the garage, and contended that the pickup was used for garage-related errands. Appellants argue those facts brought *any* use of the pickup under the garage policy. However, none of those facts were included in the Nielsens' amended complaint.

¶11 Ultimately, FUMIC accepted the Rumphs' defense under a reservation of rights and filed this declaratory judgment action in the District Court. Appellants counterclaimed for declaratory relief to enforce the Rumphs' rights under the four policies, and also alleged breach of contract, violations of the Unfair Claims and Settlement Practices Act, and violation of § 33-18-201, MCA, for misrepresenting that FUMIC's attorney was actively working on the case, when his work was allegedly minimal. FUMIC responded that none of Nathan's four FUMIC policies provided coverage for Christian Nielsen's injuries. Appellants ultimately conceded that the general store's liability policy and the ranch's property and liability policies did not

4

provide coverage for Christian's injuries, but maintained that the accident fell within the Commercial Lines Garage Policy because the accident arose from "garage operations." The District Court disagreed and granted summary judgment to FUMIC on its declaratory judgment action. The District Court then granted FUMIC summary judgment on Appellants' counterclaims. This appeal followed.

## STANDARD OF REVIEW

¶12 We review a district court's decision to grant summary judgment *de novo*. *Farmers Union Mut. Ins. Co. v. Staples*, 2004 MT 108, ¶ 18, 321 Mont. 99, ¶ 18, 90 P.3d 381, ¶ 18. Pursuant to M. R. Civ. P. 56, we apply the same criteria as that applied by the district court: the moving party must establish the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Staples*, ¶ 18. The burden then shifts to the non-moving party to establish, by more than mere denial or speculation, that a genuine issue of material fact exists. *Staples*, ¶ 18.

## DISCUSSION

¶13 **1. Did the District Court correctly determine that Nathan Rumph's garage liability policy did not cover the vehicle accident that injured Christian Nielsen?**

¶14 "Montana law is well-settled that an insurer's duty to defend its insured arises when a complaint alleges facts which represent a risk covered by the terms of an insurance policy." *Blair v. Mid-Continent Cas. Co.*, 2007 MT 208, ¶ 15, __ Mont. __, ¶ 15, __ P.3d __, ¶ 15 (citing *Staples*, ¶ 20). "The insurance company must look to the allegations of a complaint to determine if coverage exists under an insurance policy, thus giving rise to the insurer's duty to defend." *Blair*, ¶ 15 (citing *Staples*, ¶ 20). The duty to

5

defend is independent from and broader than the duty to indemnify, and arises when a complaint alleges facts, which if proven, would result in coverage. *Staples*, ¶ 21. An insurer must defend unless there exists an unequivocal demonstration that the claim against the insured does not fall under the policy's coverage. *Staples*, ¶ 22 (citation omitted).

¶15 At issue before the District Court was the proper interpretation of Nathan Rumph's Commercial Lines Garage Policy, and more specifically, that section entitled "Other than Covered Autos." Appellants argue the injuries suffered by Christian Nielsen arose from "Garage Operations" as defined within that section.

¶16 Nathan Rumph's garage policy provides, in pertinent part:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos."

The policy goes on to define an "insured" as the owner of the policy and the owner's partners, employees, directors or shareholders while acting within the course and scope of their duties. The policy defines "garage operations" as "the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. . . . 'Garage operations' also include all operations necessary or incidental to a garage business." It is under the final clause of that definition, regarding "operations necessary or incidental to a garage business," that Appellants argue the accident involving Christian Nielsen is covered. Alternatively, Appellants argue that the clause is ambiguous and should be construed in favor of coverage.

6

¶17 Throughout their brief, Appellants argue that the Nielsens' amended complaint, when considered "together with" or "coupled with" the facts Mr. Anderson later supplied to FUMIC's counsel, establishes that Alex Rumph's disabling of the seatbelts was a "garage operation." However, under this Court's well-settled law, Appellants' coverage argument cannot be considered as it is presented herein. The Nielsens' amended complaint makes no reference to Nathan Rumph's garage or to the fact that Alex allegedly disabled the seatbelts in that garage with the garage's tools. The amended complaint also fails to allege that Alex was Nathan's employee, or that the pickup was a "shop vehicle," as Appellants now contend. Instead, the amended complaint only alleges that Alex disabled the seatbelts, and that he was intoxicated on the night of the accident.

¶18 It is irrelevant that the amended complaint "together with" additional facts may have triggered coverage under the garage liability policy. Montana law requires FUMIC to look to the allegations of the Nielsens' amended complaint to determine if coverage existed. *Staples*, ¶ 20. FUMIC is not required to look outside the complaint to determine if there is coverage. *Staples*, ¶ 24. Indeed, in *Staples* we cautioned that "[a]lthough the insurer is free to look at facts beyond the allegations in the complaint, it does so at its own risk." *Staples*, ¶ 24. Based on the facts alleged in the Nielsens' amended complaint, FUMIC correctly determined that the accident was outside the garage coverage, as no reference was made to anything remotely "necessary or incidental to a garage business." In other words, there was an "unequivocal demonstration" that the Nielsens' claim was not covered by Nathan Rumph's Commercial Lines Garage Policy. *Staples*, ¶ 22.

7

¶19    Because the amended complaint failed to allege any facts connecting Nathan Rumph's automobile repair business to the accident that injured Christian Nielsen, we decline to address Appellants' argument that the phrase "operations necessary or incidental to a garage business" is ambiguous. Accordingly, the District Court is affirmed.

¶20    **2. Did the District Court err by failing to find that FUMIC was estopped from denying coverage due to its delay in providing a defense of the Rumphs?**

¶21    Appellants argue FUMIC was estopped from denying coverage because it "first unreasonably refused to supply a defense [to the Rumphs] and then offered a late defense as it aggressively pursued a declaratory judgment action against its insured." An insurer that unjustifiably refuses to defend is estopped from denying coverage. *Staples*, ¶ 28 (citations omitted).

¶22    While FUMIC may have been slow to the punch in providing a defense, that delay was justified given the absence of facts in the Nielsens' first complaint indicating a covered event. The amended complaint also failed to allege facts bringing the claim within coverage. Because we hold that the Nielsens' amended complaint unequivocally demonstrated that the Nielsens' claim was not covered, no duty to defend arose and FUMIC was not estopped from denying coverage.

¶23    **3. Did questions of fact exist to preclude the District Court from entering summary judgment?**

¶24    Appellants' final argument is that, even if FUMIC had no duty to defend, material questions of fact existed as to whether FUMIC conducted a prompt investigation, misrepresented facts, or delayed its denial of coverage. The third alleged error—that

8

FUMIC delayed its denial of coverage—has been resolved under Issue 2, wherein we held that FUMIC's delay was justified.

¶25 Appellants correctly argue that an insurer must conduct a reasonable investigation into claims based on all available information, § 33-18-201(4), MCA, and that such investigation must be "prompt." *Daily Ditches Irrigation Dist. v. National Sur. Corp.*, 234 Mont. 537, 541, 764 P.2d 1276, 1279 (1988). However, where the complaint clearly demonstrates that no coverage exists, an insurance company fulfills its duty to investigate by reading the complaint. *Daily Ditches*, 234 Mont. at 541-42, 764 P.2d at 1279. The Nielsens' amended complaint clearly and unequivocally demonstrated that no coverage existed under the Commercial Lines Garage Policy. Therefore, FUMIC satisfied its duty to investigate by reading the amended complaint and thereafter denying coverage.

¶26 Finally, Appellants provide no support on appeal for their contention that FUMIC misrepresented facts, and as such, that argument is without merit.

¶27 The District Court correctly granted summary judgment to FUMIC on Appellants' counterclaims. Because the Nielsens' claim was not covered by any FUMIC policy, FUMIC is not liable for breach of contract or violations of the Unfair Claims and Settlement Practices Act.

¶28 Affirmed.

/S/ JIM RICE

9

We concur:

/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS