JAYCIE, INC., a Montana corporation; Jackie Johnson, an individual, Plaintiffs—Appellees,

v.

ACCEPTANCE INSURANCE COMPANY–OMAHA, a Nebraska domestic property and casualty insurance company, Defendant—Appellant.

No. 06–35845.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2007.

Filed Dec. 17, 2007.

Tammy Wyatt–Shaw, Esq., Phillips & Bohyer, Missoula, MT, for Plaintiffs–Appellees.

Mark S. Williams, Esq., Williams Law Firm, P.C., Missoula, MT, for Defendant–Appellant.

Before: McKEOWN and CLIFTON, Circuit Judges, and SCHWARZER *, District Judge.

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

MEMORANDUM **

Acceptance Insurance Company–Omaha ("Acceptance") challenges the district court's grant of partial summary judgment in favor of Jaycie, Inc. ("Jaycie") and its owner, Jackie Johnson. Acceptance refused to defend Jaycie in a lawsuit brought by an individual on the basis of injuries that he suffered as a result of a brawl in the Gold Bar Tavern, which Jaycie owned at the time of the incident. The district court determined that Acceptance had the duty to defend Jaycie. We reverse.

■ · The fact that a settlement has been reached in the underlying suit does not make this appeal moot. Because of Jaycie's outstanding bad faith claim against Acceptance, the parties still have a "stake in the outcome of our evaluation" of the district court's decision that Acceptance had a duty to defend. *See Lasar v. Ford Motor Co.,* 399 F.3d 1101, 1108 (9th Cir. 2005).

■ It is well-settled law in Montana that "an insurer's duty to defend its insured arises when a complaint against an insured alleges facts, which if proven, would result in coverage." *Farmers Union Mut. Ins. Co. v. Staples,* 321 Mont. 99, 90 P.3d 381, 385 (2004) (citation omitted). The court may not look beyond the facts alleged in the complaint in order to determine whether the duty to defend has been triggered. *See Farmers Union Mut. Ins. Co., v. Rumph,* 170 P.3d 934, 339 Mont. 251, ¶¶ 17–18 (2007).

■ Jaycie's liquor liability policy with Acceptance contained an assault and battery exclusion that precluded coverage for

"Bodily injury ... arising out of assault and/or battery." The district court construed Paragraph VI of the patron's complaint against Jaycie to fall outside the assault and battery exclusion because it made a "stand alone claim that makes no mention of the assault," and "[i]n such circumstances there is a duty to defend and possibly to indemnify." However, the patron's complaint, including the claims asserted in Paragraph VI under MONT. CODE ANN. §§ 16–3–301, 27–1–701, and 27–1–710, alleged no facts that, if proven, would have resulted in coverage under the liquor liability policy. *See Staples,* 90 P.3d at 385. Therefore, we hold that Acceptance had no duty to defend.

REVERSED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.