DA 10-0560

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 134N

CASCADE FARMERS MUTUAL INSURANCE COMPANY,

      Plaintiff and Appellee,

  v.

RALPH RODRIGUEZ and JUSTIN MORAN,

      Defendants and Appellants.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
In and For the County of Stillwater, Cause No. DV 09-47
Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          John Heenan, Heenan Law Firm, Billings, Montana

      For Appellee:

          Leonard Smith, G. Trenton Hooper, Crowley Fleck, PLLP,
Billings, Montana

                      Submitted on Briefs:  May 18, 2011
                                Decided:  June 8, 2011

Filed:

          _____
                      Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 This declaratory judgment action arose from a November 5, 2007 altercation between Cascade Farmers Mutual Insurance Company's (Cascade) insured, Ralph Rodriguez (Rodriguez), and Montana Highway Patrol Officer Justin Moran (Moran) in Columbus, Montana. The altercation occurred when Rodriguez learned that his son was being detained by police subsequent to a fight with Andrew Noble. Rodriguez believed Noble had sexually assaulted his daughter six months prior to the events at issue here. This belief had instigated a series of incidents between Rodriguez's family and Noble, resulting in Columbus Police Chief William Pronovost cautioning Rodriguez to avoid taking matters into his own hands. Despite the caution, upon hearing of the fight, Rodriguez left his home and went directly to the scene of the fight, mere minutes from his home.

¶3 Once at the scene, Rodriguez observed his son seated safely in the back of a patrol car and Noble seated in the front passenger seat of a nearby vehicle. Also present at the scene were numerous law enforcement officers, include Chief Pronovost. By the time Rodriguez arrived, events were under control and the law enforcement officers were

2

involved in a discussion. Rodriguez walked directly towards Noble's vehicle, greeting the law enforcement officers as he passed. Once he passed the officers, Rodriguez moved quickly towards Noble's vehicle and began aggressively shouting threats and profanities at Noble. The officers sought to deescalate the situation by first commanding Rodriquez to move away from Noble's vehicle or be subject to arrest.

¶4 When Rodriguez failed to obey the officers' instructions, they moved in to subdue him. When Rodriguez realized the officers were approaching, he squared off to face them; Moran was the lead officer. During the initial physical encounter, it is unclear from the eye witness accounts whether Rodriguez threw Moran to the ground or whether Moran fell to the ground attempting to restrain Rodriguez. Regardless, there was a physical altercation between Rodriguez and the officers that culminated in Rodriguez's arrest and Moran suffering injury to his shoulder.

¶5 As a result of the altercation, Rodriguez was criminally charged with assault on a peace officer and resisting arrest, to which he pled *nolo contendre* on September 22, 2008. On October 17, 2008, Moran filed a civil suit against Rodriguez claiming intentional assault. Rodriguez in turn contacted Cascade, his homeowner's insurance company, requesting Cascade provide a defense under the liability coverage of his policy.

¶6 Upon investigation of the claim, Cascade questioned whether the claim was covered under the policy, in that it appeared that Rodriguez's conduct was intentional and thus subject to a policy exclusion. Cascade therefore provided Rodriguez a defense under a reservation of rights and filed the instant declaratory judgment action on May 19, 2009,

presenting the question of coverage to the District Court for determination. Cascade named both Rodriguez and Moran as defendants.

¶7 On June 18, 2010, the District Court denied the parties' cross-motions for summary judgment, finding material issues of fact existed as to whether Rodriguez's actions were intentional. Consequently, on September 15, 2010, the court held a one-day bench trial to determine the facts relative to the conduct of Rodriguez during the incident at issue and whether such conduct was covered under the terms of the insurance policy. On October 14, 2010, the District Court issued its Memorandum and Order finding that Rodriguez's conduct was intentional and thus excluded from coverage under the policy. Rodriguez and Moran appeal.

## STANDARD OF REVIEW

¶8 We review a district court's findings of fact to determine whether they are clearly erroneous and its conclusions of law for correctness. *Emmerson v. Walker*, 2010 MT 167, ¶ 20, 357 Mont. 166, 236 P.3d 598.

## DISCUSSION

¶9 *Blair v. Mid-Continent Cas. Co.*, 2007 MT 208, 339 Mont. 8, 167 P.3d 888, analyzed coverage under a policy identical to the one at issue here. The District Court then applied our approach and analysis in *Blair* to its findings of fact and concluded that "[t]he overwhelming preponderance of the evidence in this cause indicates that Rodriguez embarked on a series of intentional, deliberate acts that resulted in Patrolman Moran's alleged injuries." It was within the province of the District Court to determine the credibility of the witnesses. Upon review of the record, we conclude that the District

4

Court's findings were supported by substantial evidence, and that the court correctly interpreted and applied the law to those findings. Therefore, we affirm the order of the Second Judicial District.

¶10    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶11    Affirmed.

/S/ PATRICIA O. COTTER

We concur:

/S/ MIKE MCGRATH
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ BRIAN MORRIS