**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID KING and JULIE KING, | No. 10-36174 |
| Plaintiffs - Appellants, | D.C. No. 9:09-cv-00096-DWM |
| v. | |
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted December 4, 2012
Seattle, Washington

Before: SCHROEDER, McKEOWN, and TALLMAN, Circuit Judges.

David and Julie King ("the Kings"), residents of Montana and assignees of

rights under a comprehensive general liability ("CGL") policy in favor of their

judgment debtor, brought suit against State Farm Fire and Casualty Company

("State Farm") for satisfaction of a $600,048.47 judgment entered in their favor

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

after a special verdict award by a Montana state court jury in a breach of contract case. The Kings sought three forms of relief: (1) a declaratory judgment that the defendants' CGL policy in the underlying case covered the damages incurred, (2) estoppel to prevent State Farm from denying coverage, and (3) attorneys' fees related to the underlying lawsuit. The United States district court properly granted summary judgment in favor of State Farm on all three claims.

The Kings are not entitled to a declaratory judgment because the facts of the underlying case do not constitute an "occurrence" as defined in the State Farm policy. Where the defendants in the underlying case deliberately refused to remedy the breach of a contract to deliver a log home package and the Kings deliberately chose to use the known non-conforming product in constructing their residence, any unintended results stemming from their intentional actions are not caused by an occurrence under Montana state law. *See Blair v. Mid-Continent Cas. Co.*, 167 P.3d 888, 891–92 (Mont. 2007). Without an occurrence no coverage exists and there is no resulting duty to defend or to indemnify. *See Daly Ditches Irr. Dist. v. Nat'l Sur. Corp.*, 764 P.2d 1276, 1279 (Mont. 1988).

Neither are the elements of estoppel met. The Kings failed to prove by clear and convincing evidence that in reliance on an act of State Farm, they, or the defendants in the underlying case, changed their position for the worse. *See*

2

*Avanta Fed. Credit Union v. Shupak*, 223 P.3d 863, 872 (Mont. 2009); *St. Paul Fire & Marine Ins. Co. v. Am. Bank*, 33 F.3d 1159, 1161 (9th Cir. 1994). We have examined the Kings' remaining claims for coverage, but none have merit. The district court properly denied attorneys' fees because it denied the Kings' claim for declaratory judgment. *See* Mont. Code Ann. § 27-8-313.

AFFIRMED.