FILED

June 23 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0686

DA 14-0686

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 165

F.H. STOLTZE LAND & LUMBER CO., and
MAXUM SPECIALTY INSURANCE GROUP,

      Plaintiffs and Appellants,

    v.

AMERICAN STATES INSURANCE COMPANY,
WHITNEY SHANKS, ANNA SHANKS, LES SCHLEGEL
ENTERPRISES, INC. and DOES 1-10,

      Defendants and Appellees.

WHITNEY SHANKS and ANNA SHANKS,

      Cross-Claim Defendants and Appellants,

    v.

AMERICAN STATES INSURANCE COMPANY, LES
SCHLEGEL ENTERPRISES, INC., and DOES 1-10,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                     In and For the County of Flathead, Cause No. DV 12-1324B
                     Honorable Robert B. Allison, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

            Todd A. Hammer, Angela K. Jacobs, Hammer, Jacobs & Quinn, PLLC,
            Kalispell, Montana (for F.H. Stoltze Land & Lumber Co.)

            Garry D. Seaman, Seaman Law Firm, Kalispell, Montana
            (for Whitney and Anna Shanks)

For Appellees:

Jeffrey D. Ellingson, Kaufman Vidal Hileman Ellingson PC, Kalispell, Montana (for Les Schlegel Enterprises, Inc.)

Mark S. Williams, Nicholas J. Pagnotta, Williams Law Firm, P.C., Missoula, Montana (for American States Insurance Company)

Submitted on Briefs: May 6, 2015
Decided: June 23, 2015

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1    F.H. Stoltze Land & Lumber Company and Maxum Specialty Insurance Group (collectively, "Stoltze") filed a complaint against American States Insurance Company (ASI), seeking an order that ASI must defend and indemnify Stoltze against a lawsuit brought by Whitney and Anna Shanks (collectively, "Shanks"). The Eleventh Judicial District Court, Flathead County, entered summary judgment in ASI's favor. Stoltze and Shanks appeal. The issue on appeal is whether the District Court correctly determined that ASI's insurance policy with Les Schlegel Enterprises ("Schlegel") does not require ASI to defend and indemnify Stoltze in an action in which Schlegel could not be held liable. We affirm.

### PROCEDURAL AND FACTUAL BACKGROUND

¶2    In 2003, Schlegel and Stoltze contracted for Schlegel to log Stoltze's property. The logging contract contains a provision in which Schlegel agreed to procure liability insurance indemnifying Stoltze from liability for any loss or injury arising from the logging operations. Schlegel also agreed that indemnification "shall not be limited . . . by immunity of suit of [Schlegel], [Schlegel] having waived such immunity as a defense against [Stoltze]." Schlegel in turn obtained liability insurance from ASI. The insurance policy (Policy) ran between January 20, 2004, and January 20, 2005. It lists Schlegel as the only named insured. The liability plus endorsement section of the Policy extends coverage to "any person or organization . . . for whom [Schlegel is] required by written contract, agreement or permit to provide insurance" to the extent that Schlegel is held

3

liable due to its "ongoing operations for that Insured, whether the work is performed by [Schlegel] or for [Schlegel]." Another clause modifies this extension of coverage, stating, "No Coverage will be provided if, in the absence of this endorsement, no liability would be imposed by law on [Schlegel]. Coverage shall be limited to the extent of [Schlegel's] negligence or fault according to the applicable principles of comparative fault."

¶3 Shanks, a worker for Schlegel, injured himself during logging operations on Stoltze's property in February 2004. Although Schlegel covered Shanks for workers' compensation benefits, Shanks filed a personal injury lawsuit against both Schlegel and Stoltze. Stoltze tendered defense and indemnity of Shanks's suit to ASI. ASI accepted the tender, stating that it was affording a defense to Stoltze under the Policy with Schlegel, but reserved the right to withdraw the defense if it determined that Stoltze was not covered under the Policy.

¶4 In 2010, Schlegel moved to dismiss the case against it, arguing that the Montana Workers' Compensation Act's exclusive remedy provision, § 39-71-411, MCA, rendered it immune to Shanks's suit. The district court in that case granted Schlegel's motion. After Schlegel's dismissal, ASI withdrew its defense of Stoltze, stating in a letter to Stoltze that the Policy covered Stoltze only to the extent that Schlegel was liable, and that the court determined in its dismissal order that Schlegel was not liable.

¶5 In November 2012, Stoltze filed a complaint against ASI, seeking declaratory judgment that ASI is required to defend and indemnify Stoltze against Shanks's suit. In

4

2013, the parties filed cross-motions for summary judgment, and, in 2014, the District Court entered summary judgment in favor of ASI. The District Court determined that, under the terms of the Policy, ASI covers Stoltze to the extent that Schlegel is liable in the underlying action. Because the court in the underlying action concluded that Schlegel was immune and not liable, the District Court further concluded that ASI has no duty to defend or indemnify Stoltze. Stoltze and Shanks appeal.

## STANDARDS OF REVIEW

¶6      We review an entry of summary judgment de novo. *Albert v. City of Billings*, 2012 MT 159, ¶ 15, 365 Mont. 454, 282 P.3d 704. Summary judgment is appropriate when the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. M. R. Civ. P. 56(c)(3); *Albert*, ¶ 15. We review the interpretation of an insurance policy for correctness. *Plum Creek Mktg., Inc. v. Am. Econ. Ins. Co.*, 2009 MT 264, ¶ 31, 352 Mont. 56, 214 P.3d 1238.

## DISCUSSION

¶7      An insurer's duty to defend or indemnify a party depends on whether an insurance policy establishes such a duty. *Travelers Cas. & Sur. Co. v. Ribi Immunochem Research, Inc.*, 2005 MT 50, ¶ 40, 326 Mont. 174, 108 P.3d 469. In arguing that ASI has such a duty, the only insurance policy Stoltze and Shanks identify is the policy between Schlegel and ASI. Like any other contract, we construe an insurance policy in an effort to give effect to the mutual intent of the contracting parties as reflected in the contract's terms. Sections 28-3-301, -401, MCA. "An insurer must defend unless there is an unequivocal

5

demonstration that the claim against the insured does not fall under the policy's coverage." *Famers Union Mut. Ins. Co. v. Rumph*, 2007 MT 249, ¶ 14, 339 Mont. 251, 170 P.3d 934; *see Scentry Biologicals Inc. v. Mid-Continent Cas. Co.*, 2014 MT 39, ¶ 44, 374 Mont. 18, 319 P.3d 1260.

¶8 Stoltze acknowledges that it is not a named insured in the Policy but argues that, because the logging contract is an insured contract, the liability plus endorsement section of the Policy extends coverage to Stoltze. As mentioned, however, the liability plus endorsement section includes a limiting clause, stating, "No Coverage will be provided if, in the absence of this endorsement, no liability would be imposed by law on [Schlegel]. Coverage shall be limited to the extent of [Schlegel's] negligence or fault according to the applicable principles of comparative fault."

¶9 In *Plum Creek*, we examined identical limiting clause language in a liability plus endorsement section of a policy. As in this case, in *Plum Creek*, two parties (Plum Creek and Garage Doors) entered a contract, with one party (Garage Doors) agreeing to indemnify the other (Plum Creek). *Plum Creek*, ¶ 2. Garage Doors obtained liability insurance that included a liability plus endorsement section and a clause stating, as here, "No coverage will be provided if, in the absence of this endorsement, no liability would be imposed by law on you. Coverage shall be limited to the extent of your negligence or fault according to the applicable principles of comparative fault." When a Garage Doors employee was injured on the job, he sued Plum Creek. *Plum Creek*, ¶ 6. Garage Doors's insurer, however, refused to defend Plum Creek, pointing to the limiting clause in the

liability plus endorsement section. *Plum Creek*, ¶ 8. Pinning our analysis to the terms of the limiting clause, we concluded that Garage Doors "could not be held liable in this case" because the employee's "complaint alleged negligence *against Plum Creek*, not Garage Doors." Therefore, it was "unequivocally clear that [the insurer] was not required to defend or indemnify Plum Creek." *Plum Creek*, ¶ 32 (emphasis in original).

¶10 ASI argues that Schlegel is like Garage Doors in *Plum Creek*, in that Schlegel cannot be held liable in the underlying personal injury case. As noted, a district court determined that Schlegel is immune and dismissed it from the underlying action. The Policy extends coverage to additional insured parties that enter into contracts with Schlegel and incur liability due to Schlegel's negligence, but only if Schlegel also is subject to liability. The Policy states, "No coverage will be provided" to a third party if "no liability would be imposed by law" on Schlegel. The limiting language in the Policy shows that determining whether the Policy covers an additional insured turns not on why, but on whether, the named insured would be liable in the absence of the endorsement. If no liability can be imposed by law on Schlegel, then no coverage is provided to Stoltze.

¶11 Stoltze argues that the second sentence in the limiting clause—"Coverage shall be limited to the extent of your negligence or fault according to the applicable principles of comparative fault"—renders the limiting clause ambiguous about whether coverage depends on liability or on negligence and fault, and that the clause therefore should be interpreted against ASI. *See Leibrand v. Nat'l Farmers Union Prop. & Cas. Co.*, 272 Mont. 1, 6, 898 P.2d 1220, 1223 (1995) ("Ambiguities in an insurance policy are

7

construed against the insurer and exclusions or words of limitation in a policy must be strictly construed against the insurer."). Stoltze argues that the only way to reconcile the two sentences in the clause is to conclude that the second sentence applies to employees of Schlegel. We conclude that the plain language of the Policy does not require that construction. The first sentence of the clause states that ASI will not cover an additional insured in situations in which the named insured cannot be held liable. The second sentence states that, in situations in which the named insured can be held liable, ASI's coverage of an additional insured is limited to the extent of the named insured's proportional negligence or fault.

¶12    Stoltze cites two cases in which the United States District Court for the District of Oregon concluded that the same limiting language was ambiguous, *see Clarendon Nat'l Ins. Co. v. Am. States Ins. Co.*, 688 F. Supp. 2d 1186, 1191 (2010); *Richardson v. Howard S. Wright Constr. Co.*, No. CV-05-1419-ST, 2007 U.S. Dist. LEXIS 37011, at *23-25, but we are not persuaded by the analysis of the policy language in these cases. We follow our reasoning in *Plum Creek* that the "terms of the Policy and [e]ndorsement taken together are clear and unambiguous." *Plum Creek*, ¶ 32.

¶13    Stoltze next argues that, even if the Policy states that ASI covers third parties only if Schlegel is liable, ASI must cover Stoltze in this case because Schlegel is liable. Stoltze argues that Schlegel is liable because, in the contract between the two, Schlegel agreed that its indemnification of Stoltze "shall not be limited . . . by immunity of suit of [Schlegel], [Schlegel] having waived such immunity as a defense against [Stoltze]." An

8

insurer's duty to defend or indemnify, however, depends on the four corners of the invoked insurance policy—not on an agreement between an insured and a third party. *Ribi Immunochem Research*, ¶ 40; *Plum Creek*, ¶ 31. Further, Schlegel was dismissed from the underlying case on the basis of § 39-71-411, MCA. To the extent that Stoltze now argues that Schlegel could be held liable in the underlying suit on the basis of the logging contract, the order dismissing the case against Schlegel is not before the Court on appeal.

¶14 Shanks argues that Schlegel remains liable because one of the remaining claims against Stoltze concerns whether Stoltze delegated an inherently dangerous and non-delegable operation to Schlegel and thus is vicariously liable for Schlegel's negligence. But Schlegel cannot be held liable under this claim—Schlegel has been dismissed from the underlying action due to immunity. Stoltze's liability for Schlegel's actions is not the same as Schlegel's liability, which is what the Policy requires for coverage to extend to Stoltze in this case. Stoltze's liability for its own acts or omissions also is not within the scope of Schlegel's policy with ASI.

¶15 Shanks further argues the question whether § 39-71-411, MCA, precludes Stoltze from being covered as an additional insured. But, given our determination that Stoltze is not an additional insured under the terms of the Policy, we do not reach this argument. We conclude that, under the plain terms of the Policy, Stoltze is not covered by ASI unless Schlegel is liable. Schlegel is not liable. Therefore, Stoltze is not covered.

**CONCLUSION**

¶16     We affirm.


                                        /S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE