No. 98-658

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 93

294 Mont. 210

980 P.2d 1043

MIKE SOKOLOSKI and VERA

SOKOLOSKI, husband and wife,

Plaintiffs and Appellants,

v.

AMERICAN WEST INSURANCE COMPANY,

Defendant and Respondent.

APPEAL FROM: District Court of the Seventh Judicial District,

In and for the County of McCone,

Honorable Joe L. Hegel, Judge Presiding.

COUNSEL OF RECORD:

For Appellants:

Marvin L. Howe, Schneider, Howe & Batterman, Glendive, Montana

For Respondent:

Michael C. Waller, Mackoff, Kellogg, Kirby & Kloster, Dickinson,

North Dakota

Submitted on Briefs: April 15, 1999

Decided: May 11, 1999

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

**¶1. This is an appeal from a summary judgment entered in the Seventh Judicial District Court, McCone County. The District Court ruled that damages to the home and personal property of Mike and Vera Sokoloski for which they sought homeowners' insurance coverage were not covered under their insurance policy. We affirm.**

**¶2. The issue is whether the court erred in granting summary judgment for the insurer, American West Insurance Company.**

**¶3. During four or five weeks in the holiday season of fall 1994, the Sokoloskis burned scented candles in their home. This caused a discharge of smoke and soot which accumulated on the walls, ceilings, and floors of the home and on their personal property. The Sokoloskis admit noticing soot accumulations on the glass candle containers while they were burning the candles, but they deny burning candles after they realized the smoke was damaging their property.**

**¶4. The Sokoloskis' home and its contents were insured under an "all-risk" homeowner's policy issued by American West Insurance Company. The Sokoloskis contacted American West concerning the smoke and soot damage, but American West denied coverage, stating that the damages were excluded under a pollution exception in the insurance policy.**

**¶5. The Sokoloskis subsequently filed this action for payment of their claim and all expenses related to pursuit of the claim. On cross-motions for summary judgment,**

the court ruled in favor of American West. The Sokoloskis appeal.

## Discussion

**¶6. Did the court err in granting summary judgment for American West?**

**¶7. This Court's standard of review of a summary judgment is de novo.** *Treichel v. State Farm Mut. Auto. Ins. Co.* **(1997), 280 Mont. 443, 446, 930 P.2d 661, 663. Once it has been demonstrated (or, as here, conceded) that no issues of material fact exist, the Court must determine whether the moving party is entitled to judgment as a matter of law.**

**¶8. In this case, the District Court determined that the pollution exclusion clause in the insurance policy barred coverage of the claimed loss and that the damages to personal property were not sudden and accidental. The Sokoloskis argue that both of those determinations were wrong.**

**¶9. The American West insurance policy held by the Sokoloskis covered physical loss to the dwelling under Coverage A, but it excluded coverage of damages caused by the discharge of pollutants "unless the pollution is itself caused by a Peril Insured Against under Coverage C." "Pollutants" is defined under the policy as "any solid, liquid, gaseous or thermal irritant or contaminant, <u>including smoke</u>, vapor, <u>soot</u>, fumes, acids, alkalis, chemicals and waste." (Emphasis added.)**

**¶10. The Sokoloskis argue that "pollutant" is an environmental term of art which applies only to discharges of pollution into the environment from sources outside the home. They cite a Ninth Circuit case,** *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.* **(9th Cir. 1997), 132 F.3d 526, in which the court defined the word "contamination" as an environmental term of art. In** *Enron***, the word "contamination" was not defined in the insurance policy at issue. Here, however, "pollutants" was defined within the insurance policy, and smoke and soot damages were expressly included within the policy definition of "pollutants." We therefore need not look outside the insurance policy for a definition of "pollutants."**

**¶11. We next proceed, as Coverage A of the insurance policy requires, to determine whether damage from the pollutants smoke and soot is insured against under Coverage C. Coverage C, Personal Property, specifically covers damage from**

"Smoke, meaning sudden and accidental damages from smoke."

¶12. The question remaining is whether the smoke damage from the candles was "sudden and accidental damage." The District Court ruled that damage over a four to five week period was not sudden.

¶13. The Sokoloskis cite *New Castle County v. Hartford Acc. and Indem. Co.* (3rd Cir. 1991), 933 F.2d 1162, in which the court stated that there was a split in authority regarding the meaning of the word "sudden" in pollution exclusion clauses. This issue "has precipitated 'a legal war . . . in state and federal courts from Maine to California.'" *Northern Ins. Co. of New York v. Aardvark Assoc., Inc.* (3rd Cir. 1991), 942 F.2d 189, 191. The *New Castle* court deduced that this split in authority demonstrated that the word "sudden" was subject to more than one reasonable interpretation, was therefore ambiguous, and must be construed in favor of the insured. *New Castle*, 933 F.2d at 1198-99. The Sokoloskis likewise argue that, because it is ambiguous, the insurance policy clause should be interpreted according to their reasonable expectations of coverage. They assert that any damages which were unexpected are "sudden."

¶14. The issue of the meaning of the word "sudden" in a pollution exclusion clause has not previously been considered by this Court. We note, however, that the District Court's ruling was consistent with other courts' recent decisions on the meaning of the word "sudden" in similar insurance policy provisions. The *Northern Insurance* court abrogated the decision in *New Castle*, concluding that under Pennsylvania law an exception for "sudden and accidental" events applies only to events which are abrupt and last a short time. *Northern Ins.*, 942 F.2d at 193-94. The Eighth Circuit Court of Appeals rejected an argument that "sudden and accidental" means "unexpected" and "unintentional" and ruled that under Missouri law the term "sudden" must include a temporal element such that it is abrupt, immediate, and unexpected. *Liberty Mut. Ins. Co. v. FAG Bearings Corp.* (8th Cir. 1998), 153 F.3d 919, 923. Similarly, the Supreme Court of Iowa rejected an argument that "sudden" is ambiguous or that when used in the phrase "sudden and accidental" it means unforeseen or unintended. *Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd. v. Farmland Mut. Ins. Co.* (Iowa 1997), 568 N.W.2d 815, 818-19. Michigan defines "sudden" in such usage as immediate and unexpected. *South Macomb Disposal Auth. v. American Ins. Co.* (Mich. Ct. App. 1998), 572 N.W.2d 686, 702. When used in a "sudden and accidental" insurance policy phrase, the word sudden

"must include a temporal component; otherwise, the word is rendered mere surplusage." *Travelers Cas. & Sur. Co. v. Superior Court* (Cal. Ct. App. 1998), 75 Cal. Rptr.2d 54, 63. "The term 'sudden' carries the temporal connotation of 'abruptness.'" *Westling Mfg. Co., Inc. v. Western Nat'l Mut. Ins. Co., Inc.* (Minn. 1998), 581 N.W.2d 39, 45.

¶15. We find persuasive American West's argument that the very use of the two words "sudden" and "accidental" reveals a clear intent to define them to state two separate requirements, so that "sudden" means more than "unexpected." This is consistent with Montana statutory law. *See* § 28-3-202, MCA: "The whole of a contract is to be taken together so as to give effect to every part if reasonably practicable, each clause helping to interpret the other." We hold that in the context of the phrase "sudden and accidental," the word "sudden," even if it includes the concept of unexpectedness, also encompasses a temporal element, because unexpectedness is already expressed by the word "accidental."

¶16. The Sokoloskis admitted that they burned the candles over a period of four to five weeks and that they were aware the candles were releasing smoke and soot as they burned. They noticed the black film around the top of the glass containers and understood it was from the candles. They later noticed the soot on the walls and their personal belongings. The District Court reasoned:

While time is relative and a geologist might speak of sudden events occurring over hundreds or even thousands of years and an astrophysicist may speak in terms of millions of years, most people and institutions measure time in much more finite terms. So must the courts. In the context of the coverage of smoke damage by a homeowner's insurance policy, the Court determines that "sudden" connotes a sense of immediacy, which is measured in seconds, minutes and might be stretched to hours, but not weeks. Therefore, the Court rules the gradual accumulation of soot and smoke over a 4-5 week period is not "sudden and accidental" for purposes of policy coverage.

We agree with the District Court. Because we determine that the smoke and soot damage was not sudden, we need not address whether this damage met the additional requirement of also being accidental.

¶17. Where the clear language of an insurance contract expressly excludes coverage, summary judgment on the issue of policy applicability is proper. We hold that

**American West is entitled to summary judgment that the smoke and soot damage to the Sokoloskis' home and personal property is not covered under their American West homeowners' insurance. We therefore affirm the judgment of the District Court.**

/S/ J. A. TURNAGE

We concur:

/S/ JAMES C. NELSON

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER