Justice Beth Baker delivered the Opinion of the Court.
***154 ¶1 Employers Mutual Casualty Company ("Employers Mutual") filed a declaratory judgment action in the Seventeenth Judicial District Court, Valley County, to determine its obligations to defend and to indemnify Continental Resources, Inc. ("Continental") under a commercial general liability ("CGL") insurance policy it issued to Black Rock Testing, Inc. ("Black Rock"). Employers Mutual appeals the order of the District Court denying its motion for summary judgment, granting Continental's motion for summary judgment, and dismissing Employers Mutual's first amended complaint. The District Court held in part that Continental was entitled to a defense as an additional ***155 insured under the Employers Mutual insurance policy. We restate the issues on appeal as follows:
1. Did the District Court err as a matter of law when it determined that Employers Mutual must defend Continental as an additional insured under the CGL insurance policy issued to Black Rock? and
2. Did the District Court err as a matter of law when it determined that the pollution exclusion in the CGL insurance policy did not apply to exclude coverage?
We reverse on Issue 1 and therefore do not reach Issue 2.
PROCEDURAL AND FACTUAL BACKGROUND
¶2 This is an appeal from a declaratory judgment action initiated by Employers Mutual to determine its duties to defend and to indemnify Continental and other defendants in an underlying wrongful death lawsuit (the "Underlying Suit") filed by the Estate of Zachary Buckles. The Underlying Suit arose from Buckles's death on April 28, 2014, at a well site near Alexander, North Dakota. Buckles was working as a flow tester at the site. Continental owns or leases the well site. At the time of Buckles's death, Continental had a master service contract with BH Flow Testing to perform flow testing at the site. BH Flow Testing subcontracted the work to Black Rock, which subcontracted the work to Jansen Palmer, doing business as Black Gold Testing, with which Buckles was working at the time.
¶3 Black Rock had a CGL insurance policy (the "Policy") through Employers Mutual. After the Estate of Buckles brought suit, Continental made a tender to Employers Mutual to provide it with a defense, alleging that Continental was an additional insured *537 under the Policy. Employers Mutual denied the tender.
¶4 In July 2015, Employers Mutual filed this declaratory judgment action. Among other issues, Employers Mutual sought a determination that Continental is not an additional insured under the Policy and that Employers Mutual does not have duties to defend or to indemnify Continental in the Underlying Suit. Continental answered Employers Mutual's complaint and filed counterclaims seeking a declaratory judgment of its rights under the Policy and alleging breach of the insurance contract, bad faith, and violations of the Unfair Trade Practices Act. Employers Mutual filed its first amended complaint on May 31, 2016. Before Continental filed its answer, Employers Mutual moved for summary judgment against Continental. Continental responded with its own motion to dismiss the first amended complaint or, alternatively, for summary judgment on Employers Mutual's duty to defend. Much of the briefing on the cross-motions focused on ***156 whether Employers Mutual had provided necessary evidence to make an unequivocal demonstration that Continental was not an additional insured and whether Continental proffered any evidence to raise a genuine issue of material fact in response to Employers Mutual's statement of undisputed facts.
¶5 After both motions were fully briefed, the District Court entered an order denying Employers Mutual's motion and granting Continental's motion.[1] The District Court explained that it could not grant summary judgment to Employers Mutual because there was a genuine issue of material fact regarding the status of an "additional interested party" under the policy. But it granted Continental's motion for summary judgment, explaining that Employers Mutual failed to make an unequivocal demonstration that Continental is not an additional insured under the Policy. On motion from Employers Mutual, the District Court certified its order "as final in its entirety for purposes of appeal" pursuant to M. R. Civ. P. 54(b), and we authorized the appeal to proceed. M. R. App. P. 4(4)(b).
STANDARDS OF REVIEW
¶6 Summary judgment is proper only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Plum Creek Mktg., Inc. v. Am. Econ. Ins. Co. , 2009 MT 264, ¶ 21, 352 Mont. 56, 214 P.3d 1238. The party seeking summary judgment has the initial burden of showing a complete absence of any genuine issue of material fact in "the pleadings, the discovery and disclosure materials on file, and any affidavits" and that the party is entitled to judgment as a matter of law. See M. R. Civ. P. 56(c)(3) ; Davis v. Westphal , 2017 MT 276, ¶ 12, 389 Mont. 251, 405 P.3d 73. The burden then shifts to the party opposing the motion to show either the existence of a genuine issue of material fact or that the moving party is not entitled to judgment as a matter of law on the undisputed facts of the record. Davis , ¶ 12. The court must view the record in the light most favorable to the non-moving party and draw all reasonable inferences against summary judgment. Davis , ¶ 12. But "the court has 'no duty to anticipate or speculate' regarding contrary material facts." Davis , ¶ 12 (quoting Gamble Robinson Co. v. Carousel Props. , 212 Mont. 305, 312, 688 P.2d 283, 287 (1984) ). We review a district court's ***157 conclusions of law for correctness. Plum Creek Mktg., Inc. , ¶ 21.
DISCUSSION
¶7 1. Did the District Court err as a matter of law when it determined that Employers Mutual must defend Continental as an additional insured under the CGL insurance policy issued to Black Rock?
¶8 Employers Mutual challenges the District Court's determination that it had a duty to defend Continental. It argues on appeal that Continental is not an additional insured under the Policy as a matter of law. First, Continental does not meet the contractual requirements to be an automatic additional *538 insured under the Policy: there is no evidence in the record that Black Rock and Continental executed a Master Service Contract before Buckles's death or that Continental leased a premises or equipment to Black Rock. Second, Employers Mutual argues that Continental is not listed as an additional insured in the Policy, and the unambiguous waiver of subrogation endorsement does not grant additional insured status.
¶9 In response, Continental relies on our holdings in Tidyman's Management Services, Inc. v. Davis , 2014 MT 205, ¶ 29, 376 Mont. 80, 330 P.3d 1139 ( Tidyman's I ), and Farmers Union Mutual Insurance Co. v. Staples , 2004 MT 108, ¶ 22, 321 Mont. 99, 90 P.3d 381, to argue that the District Court correctly required Employers Mutual to "unequivocally demonstrat[e]" that the claim against Continental did not fall within the coverage of the Policy. Continental maintains that because Employers Mutual cannot unequivocally demonstrate that claim does not fall within the coverage of the Policy, it violated the duty to defend by refusing to defend under a reservation of rights while seeking a court determination of its duties.
¶10 As this Court explained in Staples , "the general rule is that the insurer has a duty to defend when a complaint filed against its insured sets forth the facts which bring the event within the policy provisions." Staples , ¶ 20 (quoting Graber v. State Farm , 244 Mont. 265, 270, 797 P.2d 214, 217 (1990) ); see also Plum Creek Mktg., Inc. , ¶ 31. Thus, before a duty to defend can arise under policy provisions based on claims in a complaint, the party seeking insurance coverage must be an insured under the policy. See Staples , ¶ 20. "An insurer must defend unless there exists an unequivocal demonstration that the claim against the insured does not fall under the policy's coverage." Plum Creek Mktg., Inc. , ¶ 31 (quoting Farmers Union Mut. Ins. Co. v. Rumph , 2007 MT 249, ¶ 14, 339 Mont. 251, 170 P.3d 934 ). "The interpretation of an insurance policy presents a question of law."
***158 Plum Creek Mktg., Inc. , ¶ 31.
¶11 This case raises the fundamental question whether Continental qualifies for any coverage under the subject policy regardless of the claim. Unlike Tidyman's I and Staples , the answer to this question is readily determined from the insurance policy in question and does not challenge or depend on the veracity of the allegations in the underlying complaint. Rather, the question raised in this appeal is a matter of contract interpretation, which is a question of law. See Plum Creek Mktg., Inc. , ¶ 31.
¶12 Black Rock is the only named insured on the Policy issued on February 18, 2014. The Policy includes a Commercial General Liability Coverage Form, laying out the general provisions of the insurance contract. This form is organized into five sections: Section I - Coverages; Section II - Who Is An Insured; Section III - Limits Of Insurance; Section IV - Commercial General Liability Conditions; and Section V - Definitions. The Policy then contains a number of endorsements directly amending or adding to the CGL coverage form. The issues on appeal center around two of these endorsements: the Liability Extension Endorsement and a separate endorsement added to the Policy on April 21, 2014 (the "April Endorsement"). We discuss each in turn.
¶13 Employers Mutual first argues on appeal that Continental does not meet the requirements to be an automatic additional insured under the Liability Extension Endorsement to the Policy: (1) the written Master Service Contract between Black Rock and Continental was not executed before Buckles's death, because Continental had not signed the contract at the time of Buckles's death; and (2) there is no evidence that Continental is a lessor of a premises or equipment to Black Rock or a state or political subdivision.[2] In support of its arguments, *539 Employers Mutual produced the Master Service Contract between ***159 Black Rock and Continental and the Policy and its endorsements.[3]
¶14 The Liability Extension Endorsement to the Policy states that it amends Section II - Who Is An Insured of the CGL coverage form. The amended provisions provide for automatic additional insured status only for specified relationships. First, Black Rock, the named insured, must have a written contract with a person or organization that is in effect and executed before a covered occurrence and requires it to add the person or organization as an additional insured. Second, in order for a third party to be covered as an automatic additional insured under this endorsement, the third party must be (1) "[t]he manager or lessor of a premises leased to" Black Rock with whom Black Rock has "agreed per a written contract ... to provide insurance, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to" Black Rock; (2) "[a]ny state or political subdivision with which [Black Rock] ha[s] agreed per a written contract ... to provide insurance," but only in regard to certain activities for which the state or political subdivision has issued a permit; or (3) "[a]ny person or organization from which [Black Rock] lease[s] equipment with whom [Black Rock] ha[s] agreed per a written contract ... to provide insurance with respect to liability for 'bodily injury', 'property damage' or 'personal and advertising injury' caused in whole or in part by [Black Rock's] maintenance, operation, or use of equipment leased to [Black Rock] by such person(s) or organization(s)." No party argues that Continental is a state or political subdivision. Therefore, Continental can be covered under the automatic additional insured provisions only if it is a manager or lessor of a premises to Black Rock or a lessor of equipment to Black Rock that has contracted with Black Rock to provide insurance for liability arising out of Black Rock's maintenance, operation, or use of such leased premises or equipment.
¶15 Even assuming the Master Service Contract was executed and in force before Buckles's death-a point the parties dispute-the Master Service Contract between Continental and Black Rock does not help Continental. The Master Service Contract between Continental and Black Rock-which is the only written agreement requiring Black Rock ***160 to maintain insurance coverage for Continental in the record-is what it proclaims itself to be: a service contract. It does not provide for the leasing of a premises or any equipment from Continental to Black Rock. In fact, the only two mentions of equipment use in the contract provide that Black Rock represents that all of its equipment has been thoroughly tested, inspected, and is safe and that any equipment that Black Rock uses or furnishes in connection with the work under the Master Service Contract does not infringe on any licenses or patents.
¶16 In its summary judgment briefing before the District Court, Employers Mutual maintained that it was undisputed that Continental did not fall within any of these categories, because the Master Service Contract did not fall within the unambiguous requirements for automatic additional insured coverage in the Liability Extension Endorsement. Employers Mutual produced the Policy and the Master Service Agreement between Black Rock and Continental. Our interpretation of these documents is a matter of law. See Plum Creek Mktg., Inc. , ¶ 31. These documents establish unequivocally that Continental was not an automatic additional insured under the policy. In its District Court briefing, Continental failed to produce any evidence to raise a genuine issue of material fact whether Black Rock and Continental were parties to a written agreement that *540 would qualify under the automatic additional insured provision of the Policy. Continental's Rule 56(f) affidavit requesting further discovery did not identify what additional discovery it needed from Employers Mutual to demonstrate that it was a lessor of a premises or equipment to Black Rock. This makes sense, as we would expect evidence of any leasing agreement between Continental and Black Rock to be in Continental's control. Continental produced no evidence or affidavits of any such agreements before the District Court. In its briefing before this Court, Continental speculates that leasing of equipment could have occurred "depending on the context of how the term 'lease' is used in the Policy." At the summary judgment phase, however, such speculation without any evidence to support it is not enough to raise a genuine issue of material fact. See Davis , ¶ 12. Upon review of the record, we hold that Employers Mutual was entitled to summary judgment that Continental was not an automatic additional insured under the terms of the Liability Extension Endorsement.
¶17 We next address Employers Mutual's contention that Continental is excluded from coverage under the Policy because Continental is not named as an additional insured. Continental maintains that the April Endorsement named it as an "additional interested party." It argues that because this term is not defined in the Policy, it is ambiguous and ***161 can be fairly interpreted as synonymous with "additional insured."
¶18 The first page of the April Endorsement provides the date the endorsement was issued and its effective dates. It states: "In consideration of the premium charged the following item ... additional interested parties ... is changed to read: (see page two for endorsement description)." Page two states: "Class 87734 and Form CG2404 have been amended adding waiver of subrogation Continental Resources, Inc." Attached is an updated general liability policy declarations form with an endorsement schedule, an updated general liability schedule, and the referenced Form CG2404. Form CG2404, titled "Waiver of Transfer of Rights of Recovery Against Others to Us," states that Employers Mutual "waive[s] any right of recovery [it] may have against the person or organization" shown on the declarations page "for injury or damage arising out of" Black Rock's ongoing operations or work performed under a contract with that person or entity. The updated declarations form shows the addition of Form CG2404 to the Policy and lists Continental Resources under that form. The updated general liability schedule shows changes to Black Rock's premium related to the April Endorsement in a table format.
¶19 Employers Mutual maintains that the April Endorsement is simply a subrogation waiver that waives any right it may have to recover against Continental in certain circumstances. Continental argues that the April Endorsement adds it as a named additional insured. Continental puts a great amount of weight on the charges listed on the updated general liability schedule. Continental argues that the form shows two separate charges: a $ 0 charge and a $ 15 charge. Continental maintains that the $ 15 premium was charged for adding the "additional interest" and $ 0 was charged for the subrogation waiver described in Form CG2404.
¶20 Interpreting whether the April Endorsement adds Continental Resources as an additional insured is a matter of contract interpretation that can be determined as a matter of law. See Plum Creek Mktg., Inc. , ¶ 31. Although the April Endorsement does not define "additional interest" or "additional interested parties," the descriptions in the April Endorsement and the forms attached make clear that the April Endorsement waives Employers Mutual's subrogation rights against Continental. We reject Continental's argument that the April Endorsement also fairly may be read to add Continental as an additional insured under the Policy. Upon review of the table showing the premium changes on the updated general liability schedule, it is clear that the $ 0 is listed next to the change in class number and the $ 15 charge is listed next to the information ***162 identifying the addition of Form CG2404 to the Policy. Further, the April Endorsement provides no description of coverage for Continental under the Policy and does not state that it amends Section II of the Policy *541 entitled, "Who Is An Insured." The explicit incorporation of Form CG2404 and that form's explanation of the subrogation waiver demonstrate plainly that the April Endorsement is not for purposes of adding Continental as an insured. The District Court erred in determining that genuine issues of material fact remained to be determined regarding the status of an "additional interested party" under the Policy, because the interpretation of this term is a question of law. We conclude that the April Endorsement does not extend additional insured status to Continental.
¶21 Under any reasonable interpretation of the insurance contract and its endorsements, the Policy does not cover Continental as an additional insured. Thus, Employers Mutual owes no duty to defend or indemnify Continental under the Policy.
¶22 2. Did the District Court err as a matter of law when it determined that the pollution exclusion in the CGL insurance policy did not apply to exclude coverage?
¶23 Because we determine that Continental is not an additional insured under the Policy, we need not address whether the Policy's pollution exclusion applies.
CONCLUSION
¶24 We reverse and remand to the District Court with instructions to grant Employers Mutual's motion for summary judgment and enter judgment that Employers Mutual owes no duty to defend or indemnify Continental under the Policy.
We Concur:
MIKE McGRATH, C.J.
LAURIE McKINNON, J.
JIM RICE, J.
INGRID GUSTAFSON, J.

Three other motions decided in the same order affecting Black Rock and other defendants are not at issue on appeal, and Black Rock was dismissed from the action without prejudice by stipulation.

Continental argues that this issue was not certified as final for appeal under Rule 54(b). In its certification order, the District Court explained that the "specific issues related to the adjudicated claims, [Employers Mutual's] duty to defend and whether [Employers Mutual] met its burden and provided an 'unequivocal showing' that [Continental] was not an additional insured, would not be brought before the appellate court again and would, after ruling by the appellate court, be fully adjudicated." Thus, the District Court certified as final its determination that Continental was an additional insured and that Employers Mutual owed it a duty to defend. The question of Continental's status as an automatic additional insured is properly before this Court on appeal.

The record contains two versions of the Policy. Continental argued below that the two versions of the Policy were substantively different and conflicted with one another. The District Court did not determine that the two versions were substantively different and Continental does not renew that argument on appeal. The provisions we rely on in this Opinion are identical in both versions.