NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



BANJOSA HOSPITALITY, LLC, a
Montana limited liability company,

Plaintiff-Appellant,

v.

HISCOX, INC.,

Defendant-Appellee.

No. 18-35905

D.C. No. 1:17-cv-00152-TJC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Timothy J. Cavan, Magistrate Judge, Presiding

Submitted December 12, 2019[**]
Seattle, Washington

Before: GRABER and BERZON, Circuit Judges, and EZRA,[***] District Judge.

Plaintiff Banjosa Hospitality, LLC, timely appeals the district court's grant

of summary judgment for Defendant Hiscox, Inc., in this diversity action raising

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

[***]    The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

claims concerning Montana insurance law. Reviewing de novo, <u>Davis v. Guam</u>, 932 F.3d 822, 829 (9th Cir. 2019), we affirm.

1. The district court correctly held that the insured did not report the claim within the time allowed by the claims-made-and-reported insurance policy. Because the question of coverage "is readily determined from the insurance policy in question and does not challenge or depend on the veracity of the allegations in the underlying complaint," we must assess coverage. <u>Emp'rs Mut. Cas. Co. v. Estate of Buckles</u>, 443 P.3d 534, 538 (Mont. 2019). For that reason, the Montana Supreme Court's decision in <u>Tidyman's Mgmt. Serv., Inc. v. Davis</u>, 330 P.3d 1139 (Mont. 2014), does not require a different approach.

The insured reported the claim to Hiscox in May 2014 but the reporting condition clearly required reporting no later than January 2014; accordingly, the insured reported the claim too late. The reporting condition is clear: It required that the insured report the claim by a certain time from when "a Claim is <u>first</u> made against any Insured." (Emphasis added.) If, as Banjosa asserts, the claim was first made in emails in 2013, then the reporting of the claim was too late, because the reporting deadline was January 2014 at the latest.

In the alternative, if the claim was first made when the pertinent complaint was filed in 2014, then the policy did not cover the claim because it was not

"made," as clearly required by the policy, within the policy period, and the reporting requirement has no relevance. The policy defines a "claim" as, in relevant part, "any notice received by the Insured of a demand for Damages or for non-monetary relief." The two emails cited by Banjosa threaten possible future legal action against the insured (or third parties), but the emails do not contain a present demand against the insured for damages or non-monetary relief. Under this alternative approach, because the claim was not made until 2014 and the policy period expired in 2013, the claim was made too late, so there was no coverage.

Either way, the policy clearly excludes coverage.

2. The "notice-prejudice" rule announced in Estate of Gleason v. Cent. United Life Ins. Co., 350 P.3d 349 (Mont. 2015), and Atlantic Cas. Ins. Co. v. Greytak, 350 P.3d 63 (Mont. 2015), does not apply to claims-made-and-reported policies. See, e.g., Safeco Title Ins. Co. v. Gannon, 774 P.2d 30, 33–36 (Wash. Ct. App. 1989) (persuasively explaining why the notice-prejudice rule does not apply to claims-made-and-reported policies under Washington law). Banjosa has not pointed to a single jurisdiction that has applied the rule to claims-made-and-reported policies and, "[n]ationwide," other jurisdictions "uniform[ly]" have rejected the argument. Sherwood Brands, Inc. v. Great Am. Ins. Co., 13 A.3d 1268, 1283 (Ct. App. Md. 2011); e.g., Pac. Emp'rs Ins. Co. v. Superior Ct, 270

3

Cal. Rptr. 779, 784 (Ct. App. 1990); <u>Gannon</u>, 774 P.2d at 33–36; <u>Anderson v. Aul</u>, 862 N.W.2d 304, 317 (Wisc. 2015).  We see nothing in Montana law suggesting that the Montana Supreme Court would reach the opposite conclusion.

3.  The insured's reasonable expectations do not require coverage here. "[T]he reasonable expectations doctrine is inapplicable where the terms of the policy at issue clearly demonstrate an intent to exclude coverage."  <u>Fisher ex rel. McCartney v. State Farm Mut. Auto. Ins. Co.</u>, 305 P.3d 861, 867 (Mont. 2013) (citation omitted).  The insured could not reasonably have expected coverage under a claims-made-and-reported policy for a claim that was neither made nor reported in time.

**AFFIRMED.**