FILED

09/06/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0073

DA 22-0073

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 173N

21st CENTURY NORTH AMERICA INSURANCE COMPANY
AND FARMERS INSURANCE EXCHANGE,

       Plaintiffs and Appellees,

v.

KEVIN R. FROST,

       Defendant and Appellant,

and SHERRI FROST,

       Defendant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV-20-298
Honorable Jason T. Marks, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Kevin R. Frost, Self-Represented, Corvallis, Montana

       For Appellees:

              Dale R. Cockrell, Eric M. Brooks, Moore, Cockrell, Goicoechea &
Johnson, P.C., Kalispell, Montana

Submitted on Briefs:  August 3, 2022
Decided:  September 6, 2022

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 21st Century North America Insurance Company (21st Century) and Farmers Insurance Exchange (FIE) filed a declaratory judgment action in the Twenty-First Judicial District Court, Ravalli County, to determine whether they must defend or indemnify Kevin Frost in a civil lawsuit brought by his estranged wife after he kidnapped and assaulted her. The District Court granted summary judgment to 21st Century and FIE. Frost argues that the District Court erred by ruling on the Plaintiffs' motion without holding a hearing and by granting them summary judgment. We affirm.

¶3 Amid a contested dissolution of their marriage, and after they had separated, Frost kidnapped, physically assaulted, threatened, and restrained his wife, Sherri Frost. Frost twisted Sherri's arm and forced her into her vehicle, a Hyundai Elantra. Frost also threatened her with a stun gun. Frost drove Sherri to another location and switched vehicles to a GMC Yukon. Frost threatened Sherri and refused to let her leave. Frost drove Sherri to his friend's unoccupied property where he coerced Sherri to drink alcohol. Eventually, Frost took Sherri to the emergency room and turned himself in to the Sheriff's Department. Resulting from this incident, Frost pleaded guilty to Aggravated Kidnapping, § 45-5-303, MCA, and Partner or Family Member Assault, § 45-5-206, MCA. Sherri brought a civil

action, alleging both intentional tort claims and theories of negligence against Frost and seeking punitive damages.

¶4    Frost has an automobile policy, which includes liability coverage, through 21st Century and a personal umbrella policy, based on his automobile coverage, through FIE. He requested that 21st Century and FIE defend him against Sherri's action. Both insurers undertook Frost's defense subject to a reservation of rights. 21st Century and FIE then sought a declaratory judgment that they had neither a duty to defend nor a duty to indemnify Frost in the civil action. 21st Century and FIE joined Sherri to the action to adjudicate her interests in whether the insurers had a duty to defend or indemnify Frost.

¶5    21st Century and FIE moved for summary judgment. They argued that 21st Century's policy did not provide coverage because Frost used a vehicle, the GMC Yukon, that had not been added to his policy and that the incident was not an "accident" as defined in the policy. They also argued, in addition to lack of coverage for the GMC Yukon, that FIE's policy could not apply because Sherri was a named insured on the policy, the underlying incident was not an "occurrence," and the underlying incident occurred on property controlled by Frost. They argued that neither policy provided coverage for the alleged punitive damages.

¶6    Sherri opposed summary judgment. She alleged that her injuries arose out of the use of vehicles covered by the policy: (1) the Hyundai Elantra; and (2) an F-350 that Frost drove to purchase the GMC Yukon and that he used when he retrieved the GMC Yukon on the date of the incident. She also argued that the phrase "arising out of" under 21st Century's policy was ambiguous. Further, she argued that there was a factual issue whether

3

Frost's intentional or negligent conduct caused "some or all" of her injuries. She argued that if some of Frost's actions were negligent, rather than intentional, then coverage would apply. Sherri did not contest that she was a named insured on FIE's policy or that this fact precluded coverage by that policy.

¶7 Frost also opposed summary judgment. He argued that the GMC Yukon was covered by the plain language of his policy as a newly acquired vehicle. He also argued that because Sherri alleged negligence, her injuries were covered "accidents" under his 21st Century policy. He supported this argument by claiming that he did not intend to cause her injuries. He argued that any unintended consequences fit under the definitions of "occurrence" or "accident." He further argued that FIE failed to define "occurrence" and "accident." Frost argued that his FIE policy should apply because he reasonably believed that Sherri would cease to be a named insured when they lived in separate households.

¶8 Sherri requested a hearing on the motions, and the District Court set oral argument for December 22, 2021. Sherri waived argument on December 9, and the District Court vacated it a week later. Frost did not object. The District Court entered summary judgment in favor of 21st Century and FIE. Frost appealed.

¶9 We first consider the failure to hold oral argument, a claim Frost makes for the first time on appeal. "Generally, this Court will not address an issue raised for the first time on appeal." *Hansen Trust v. Ward*, 2015 MT 131, ¶ 19, 379 Mont. 161, 349 P.3d 500 (citations omitted). Frost argues the District Court was required to hold oral argument because he did not waive it. But Frost did not request oral argument even after Sherri waived it. Nor

did Frost object to the District Court vacating oral argument at any time before its ruling three weeks later. We decline to review Frost's unpreserved claim.

¶10 We review summary judgment rulings de novo. *Sokoloski v. American West Ins. Co.*, 1999 MT 93, ¶ 7, 294 Mont. 210, 980 P.2d 1043. "Summary judgment is proper only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law." *Emp'rs Mut. Cas. Co. v. Estate of Buckles*, 2019 MT 136, ¶ 6, 396 Mont. 153, 443 P.3d 534 (citations omitted). The initial burden rests on the moving party to show a complete absence of any genuine issue of material fact. *Emp'rs Mut.*, ¶ 6. The opposing party then must demonstrate either the existence of a genuine issue of fact or that the undisputed facts do not favor the moving party as a matter of law. *Emp'rs Mut.*, ¶ 6. When reviewing an appeal from summary judgment, we view the record in the light most favorable to the nonmoving party. *Emp'rs Mut.*, ¶ 6. A nonmoving party cannot establish a genuine issue of fact if it offers "mere[ ] denials, speculation, or conclusory statements." *Lorang v. Fortis Ins. Co.*, 2008 MT 252, ¶ 39, 345 Mont. 12, 192 P.3d 186. If there are no genuine issues of material fact, we then decide whether the moving party is entitled to judgment as a matter of law. *Hansen Trust*, ¶ 16. "The interpretation of an insurance policy presents a question of law, and we will review the District Court's legal conclusion for correctness." *Emp'rs Mut. Cas. Co. v. Fisher Builders, Inc.*, 2016 MT 91, ¶ 9, 383 Mont. 187, 371 P.3d 375 (citations omitted).

¶11 An insurer must defend an insured unless there is an unequivocal demonstration that coverage does not apply. *Farmers Union Mut. Ins. Co. v. Rumph*, 2007 MT 249, ¶ 14, 339 Mont. 251, 170 P.3d 934. The duty to defend arises "when a complaint against an

5

insured alleges facts which, if proved, would result in coverage." *Farmers Ins. Exch. v. Wessel*, 2020 MT 319, ¶ 14, 402 Mont. 348, 477 P.3d 1101. The duty to indemnify an insured is narrower; it arises "only if coverage under the policy is actually established." *Wessel*, ¶ 23.

¶12 At issue is whether Sherri's alleged bodily injuries, results of Frost admittedly kidnapping and assaulting her, are covered by Frost's policies through 21st Century and FIE. Frost's policy with 21st Century covers damages caused by an "accident" arising from the ownership, maintenance, or use of an automobile covered by the policy. The policy defines "accident" to mean a "sudden, unexpected and unintended occurrence." The policy specifically excludes coverage when an insured intentionally causes bodily injury or bodily injury was reasonably expected to result from an insured's intentional or criminal acts.

¶13 Under policy language similar to that at issue here, requiring that an "occurrence" be accidental, we have held that there may be coverage for an act that was intentional if the consequences of the act were not "intended or expected from the actor's standpoint." *Fisher Builders, Inc.*, ¶ 15. There is no genuine dispute that Frost's criminal act, when he kidnapped and assaulted Sherri, was not an accident; the summary judgment record demonstrates it was intentional and the consequences were expected. Frost pleaded guilty to Aggravated Kidnapping and Partner or Family Member Assault. The District Court conducted a thorough review of Frost's acts giving rise to these charges to conclude that Frost's acts were intentional and the consequences expected—we agree with the District Court's analysis and conclude that it correctly interpreted the policies and applied the law. *See Fisher Builders, Inc.*, ¶ 18.

6

¶14    In opposition to summary judgment, Sherri argued that some of Frost's acts may have been negligent, thus fitting under accident coverage.[1]   But she failed to provide a genuine factual dispute from which a fact-finder reasonably could determine that the underlying incident was not intentional.  Frost argues that Sherri and the District Court "alleged 'facts' that are not true facts"; Frost provides no basis for this assertion.  "The [insured] cannot create coverage where it does not exist simply by denying the claims when the claims themselves do not trigger coverage."  *Wessel*, ¶ 16.  Frost did not provide evidence to support a finding that the incident could be considered an accident as defined in his policy.  Because no genuine dispute exists that the kidnapping and assault of Sherri Frost were intentional acts with expected consequences, 21st Century has neither a duty to defend nor a duty to indemnify Frost in Sherri's action against him—the incident unequivocally does not fall within Frost's coverage.

¶15    Frost's policy with FIE covers damages caused by an "occurrence."  The policy considers an occurrence to be an accident.  Because the incident does not qualify as an accident under the auto policy, it also does not qualify as an "occurrence" under the FIE umbrella policy.  What is more, the FIE policy clearly precludes coverage for damages payable to a named insured on the policy.  Frost's FIE policy named both Frost and Sherri as insureds.

¶16    "There is nothing unusual about a policy that requires the insured to read the exclusion section, the definition section, and the declaration page to determine the scope

---

[1] Sherri did not appeal and has not filed a brief before this Court.

of coverage." *Fisher v. State Farm Mut. Auto. Ins. Co.*, 2013 MT 208, ¶ 23, 371 Mont. 147, 305 P.3d 861. The clear policy language provides that Sherri is a named insured, and this fact excludes coverage for damages payable to her. In opposition, Frost submits only his belief that he thought Sherri would be removed from the policy when they separated. That Sherri was a named insured on the FIE policy unequivocally precludes coverage. *See Fisher*, ¶ 23.

¶17 Because there is no genuine dispute in the record that Frost's conduct was not accidental and that Sherri was a named insured, the District Court correctly concluded that 21st Century and FIE did not have a duty to defend or indemnify under either policy and, as a matter of law, were entitled to summary judgment. These conclusions being dispositive of the coverage issues, we do not reach the parties' other arguments.

¶18 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court correctly granted summary judgment to Appellees. We affirm.

/S/ BETH BAKER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE

8